UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK LEE SMITH,

       Petitioner,

v.                                         CASE NO. 12-cv-10958
                                           HONORABLE JOHN CORBETT O'MEARA

CARMEN PALMER,

       Respondent.

_____/

## ORDER DISMISSING THE HABEAS CORPUS PETITION, DENYING A CERTIFICATE OF APPEALABILITY, BUT GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

Petitioner Derrick Lee Smith is a state prisoner at the Michigan Reformatory in Ionia, Michigan. He recently filed a *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2254. He alleges that the state courts erroneously denied his motion for production of transcripts, which he needs to file a motion for relief from judgment in state court. Because Petitioner has failed to show that the state court's decision on his motion was objectively unreasonable, his petition must be denied.

### I. Background

Records maintained by the Michigan Department of Corrections on its official website indicate that Petitioner pleaded no contest in Wayne County, Michigan to multiple counts of criminal sexual conduct and kidnaping. On October 29, 2008, the trial court sentenced Petitioner to twenty-two and a half to seventy-five years in prison.[1]

Petitioner alleges in his habeas petition that he repeatedly asked the state court to

---

[1] *See* http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=267009.

provide him with a copy of the transcripts and other documents related to his criminal case. His most recent request consisted of a motion for production of transcripts, which Wayne County Circuit Judge Daniel P. Ryan denied on November 4, 2010. Petitioner appealed Judge Ryan's decision, but on February 3, 2012, the Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." See People v. Smith, No. 303615 (Mich. Ct. App. Feb. 3, 2012). As of March 2, 2012, when Petitioner filed his habeas petition, his application for leave to appeal to the Michigan Supreme Court was still pending.[2]

## II. Discussion

Petitioner alleges that the state courts abused their discretion and violated his rights under the Sixth and Fourteenth Amendments to the United States Constitution by failing to provide him with a complete copy of the state court record of his criminal proceedings. He claims that he needed a copy of the transcripts so that he could file a *pro se* supplemental brief on direct appeal of his conviction. He also claims that he currently needs a copy of the transcripts so that he can file a motion for relief from judgment in the state court pursuant to Subchapter 6.500 of the Michigan Court Rules.

Petitioner alleges that he was denied a copy of the state court record despite having complied with Michigan Court Rule 6.433, which governs requests for court documents or transcripts in post-conviction proceedings. Even if the state court erred by denying

---

[2] Although Petitioner apparently has not exhausted state remedies for his claims, as required by 28 U.S.C. § 2254(b)(1), his claims lack merit. The Court may deny a habeas petition on the merits despite the petitioner's failure to exhaust the remedies available in state court. 28 U.S.C. § 2254(b)(2). The Court therefore excuses Petitioner's apparent failure to exhaust state remedies for his claims.

2

Petitioner's request under state law, "[i]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). A federal habeas court is limited to deciding whether a state court conviction violated the Constitution, laws, or treaties of the United States. *Id.* at 68. And a claim that there were deficiencies in a state court's post-conviction procedures is not cognizable on habeas review because such deficiencies "relate to a state civil matter, not to the custody of a defendant." *Roe v. Baker*, 316 F.3d 557, 571 (6th Cir. 2002) (citing *Kirby v. Dutton*, 794 F.2d 245, 247 (6th Cir. 1986)).

The alleged failure to provide Petitioner with transcripts on *direct* appeal could be a cognizable claim if Petitioner were indigent at the time. *Greene v. Palakovich*, 482 F. Supp.2d 624, 638 (E.D. Pa. 2007), *aff'd*, 606 F.3d 85 (3d Cir. 2010), *aff'd sub nom Greene v. Fisher*, __ U.S. __, 132 S. Ct. 38 (2011). The reason for this conclusion is that "[d]estitute defendants must be afforded as adequate appellate review as defendants who have money enough to buy transcripts." *Griffin v. Illinois*, 351 U.S. 12, 19 (1956); *see also Eskirdge v. Washington State Bd. of Prison Terms and Paroles,* 357 U.S. 214, 216 (1958) (stating that "a State denies a constitutional right guaranteed by the Fourteenth Amendment if it allows all convicted defendants to have appellate review except those who cannot afford to pay for the records of their trials").

Wayne County Circuit Judge Ryan stated in his order denying Petitioner's motion for production of the court file and transcripts that he supplied Petitioner's appellate attorney, Lawrence Bunting, with the entire court file, including transcripts. Petitioner was not entitled to a personal copy of the transcripts. *Hooks v. Roberts*, 480 F.2d 1196, 1198 (5th Cir. 1973); *Gay v. Watkins*, 579 F. Supp. 1019, 1021 (E.D. Pa. 1984). And even

3

though he maintains that Mr. Bunting was not provided with the complete record, he acknowledges that Mr. Bunting received his plea and sentence transcripts. A state is not required to "waste its funds by providing what is unnecessary for adequate appellate review." *Draper v. Washington*, 372 U.S. 487, 496 (1963). Rather, "the duty of the State is to provide the indigent as adequate and effective an appellate review as that given appellants with funds . . . ." *Id.*

Petitioner seeks transcripts of his preliminary examination and motion hearings in state court. He also wants the recording of a 911 call, a copy of medical reports, the discovery package, the competency report, and all the Wayne County court's rulings and decisions on pretrial motions. He apparently believes that these items will help him establish that he was denied a speedy trial and the right to face his accusers. He also appears to allege that the prosecutor attempted to introduce evidence of "prior bad acts" and that the complainant's testimony was false.

Petitioner likely waived review of any claims arising from events that occurred before he pleaded no contest. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *People v. New,* 398 N.W.2d 358, 364 (Mich. 1986). Thus, the plea and sentence transcripts, which were provided to Petitioner's appellate attorney, no doubt "constitute[d] a 'record of sufficient completeness.'" *Draper*, 372 U.S. at 497 (quoting *Coppedge v. United States*, 369 U.S. 438, 446 (1962)). "To the extent [Petitioner] wishes to mount a 'fishing expedition' for errors, the . . . court [is] not required to provide [him] with transcripts so that he might search for new post-conviction claims." *Corrigan v. Thoms*, 55 F. App'x. 754, 756 (6th Cir. 2003) (citing *Bentley v. United States*, 431 F.2d 250, 254 (6th Cir. 1970)); *see also Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (explaining that indigent habeas petitioners

4

seeking collateral relief do not have unlimited access to free transcripts to search for error).

### III. Conclusion

Petitioner has failed to show that he is in custody in violation of federal law and that the state courts' denial of his request for transcripts was contrary to Supreme Court precedent, an unreasonable application of Supreme Court precedent, or an unreasonable determination of the facts. 28 U.S.C. §§ 2254(a) and 2254(d). Accordingly, his petition for the writ of habeas corpus [dkt. #1] is summarily **DISMISSED**. This dismissal is pursuant to "Rule 4 of the Rules Governing § 2254 Cases in the District Courts, which allows the summary dismissal of a petition if 'it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

The Court declines to issue a certificate of appealability because reasonable jurists would not disagree with the Court's resolution of Petitioner's claims, nor conclude that the issues are adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Petitioner nevertheless may proceed *in forma pauperis* on appeal because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3).

                                                             s/John Corbett O'Meara
                                                             United States District Judge

Date: April 12, 2012

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, April 12, 2012, using the ECF system and/or ordinary mail.

                                                             s/William Barkholz
                                                             Case Manager