UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK SMITH,

       Petitioner,                          Case No. 12-10958

v.                                               HON. MARK A. GOLDSMITH

CARMEN PALMER,

       Respondent.
_____/

**OPINION & ORDER
TRANSFERRING PETITIONER'S REQUEST TO REOPEN THIS CASE (Dkt. 10) TO
THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT AS A
SECOND OR SUCCESSIVE HABEAS CORPUS PETITION PURSUANT TO 28 U.S.C. §
2244(b)(3)(A)**

This is a closed habeas corpus action under 28 U.S.C. § 2254. Petitioner Derrick Lee Smith commenced this case in 2012 by filing a petition for writ of habeas corpus. Pet. (Dkt. 1). Former United States District Judge John Corbett O'Meara summarily dismissed the petition on the merits, 4/12/12 Order (Dkt. 4), and the United States Court of Appeals for the Sixth Circuit denied Smith's motion for a certificate of appealability, 11/20/12 Order (Dkt. 8). Before the Court is Smith's request to reopen this case (Dkt. 10).[1] For the reasons set forth below, the Court transfers the case to the Sixth Circuit as a second or successive petition.

**I. BACKGROUND**

Smith pleaded no contest in Michigan's Wayne County Circuit Court to six counts of first-degree criminal sexual conduct, Mich. Comp. L. § 750.520b, and two counts of kidnapping, Mich. Comp. L. § 750.349. On October 29, 2008, the trial court sentenced Smith to an aggregate term of 22 1/2 to 75 years' imprisonment. Smith subsequently asked the state trial court to provide him

---

[1] The case was reassigned from Judge O'Meara to this Court.

with transcripts from his criminal case. On November 4, 2010, the state trial court denied Smith's motion for production of transcripts. Smith appealed the trial court's decision, and the Michigan Court of Appeals denied leave to appeal for lack of merit, People v. Smith, No. 303615 (Mich. Ct. App. Feb. 3, 2012). On June 25, 2012, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the questions presented to the court. People v. Smith, 815 N.W.2d 469 (Mich. 2012).

On March 2, 2012, Smith commenced this case, claiming that the state courts erred by denying his motion for production of transcripts and by failing to provide him with a complete copy of the state court's record. Pet. He claimed that he needed transcripts and other documents from his criminal case to pursue post-conviction remedies in the state court. Judge O'Meara summarily dismissed the petition on the merits and declined to issue a certificate of appealability. 4/12/12 Order.

Petitioner then moved for a certificate of appealability in the Sixth Circuit. On November 20, 2012, the Sixth Circuit declined to issue a certificate of appealability. It stated that Smith's state-law claim was not cognizable on habeas review and that the state courts' denial of Smith's request for records was not so fundamentally unfair as to deny him due process. 11/20/12 Order.

Over eight years later, on June 17, 2021, Smith filed his request to reopen this case. Request (Dkt. 10). He seeks reinstatement of his habeas petition on the basis that Michigan Court Rule 6.108, which became effective in 2015, requires courts to conduct a probable cause conference in criminal proceedings. According to Smith, there was no probable cause conference in his criminal case. He argues that the change in the law is retroactive, that it affects the issues raised in his habeas petition, and that it shows he is being held illegally. Id. at PageID.42-43.

## II. DISCUSSION

The first question before the Court is whether Smith's request to reopen this case is comparable to a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). If it is, the question becomes whether the motion is "subject to the additional restrictions that apply to 'second or successive' habeas corpus petitions under the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), codified at 28 U.S.C. § 2244(b)." Gonzalez v. Crosby, 545 U.S. 524, 526 (2005).

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." Id. at 528. Additionally, Rule 60(b)(6) "permits reopening when the movant shows any . . . reason justifying relief from the operation of the judgment other than the more specific circumstances set out in Rules 60(b)(1)-(5)." Id. at 528-29 (punctuation modified). "Rule 60(b) motions can arise long after the denial of a prisoner's initial petition—depending on the reason given for relief, within either a year or a more open-ended 'reasonable time.'" Banister v. Davis, 140 S. Ct. 1698, 1710 (2020) (quoting Fed. R. Civ. P. 60(c)(1)).

Here, Smith has asked the Court to reopen this case and to reinstate his habeas petition due to a change in state law, which he contends is retroactive and applicable to his criminal case. Because Smith is seeking relief from the judgment in this case and a reopening of his case long after the judgment became final, the Court construes his pending request as a Rule 60(b)(6) motion.

The next question is whether Smith's motion is the equivalent of a second or successive habeas petition under 28 U.S.C. § 2244(b). "[F]or purposes of § 2244(b) an 'application' for habeas relief is a filing that contains one or more 'claims.'" Gonzalez, 545 U.S. at 530. A motion that seeks to add a new ground for relief qualifies as a "claim." Id. at 532. And a habeas

3

petitioner's filing that seeks vindication of a claim is "if not in substance a habeas corpus application, at least similar enough that failing to subject it to the same requirements would be inconsistent with the statute." Id. at 531 (punctuation modified); see also Brooks v. Bobby, 660 F.3d 959, 962 (6th Cir. 2011) ("When a Rule 60(b) motion 'seeks to add a new ground for relief,' whether akin to or different from the claims raised in the first petition, the courts generally treat it as a second or successive petition.") (quoting Gonzalez, 545 U.S. at 532).

Smith's motion asserts a new ground for relief from the judgment in this case. As such, his motion is the equivalent of a second or successive habeas petition. Before filing a second or successive application for the writ of habeas corpus, a habeas petitioner "must first obtain leave from the court of appeals based on a 'prima facie showing' that his petition satisfies the statute's gatekeeping requirements." Bannister, 140 S. Ct. at 1704 (quoting 28 U.S.C. § 2244(b)(3)(C)). A habeas petitioner "may bring a new claim only if it falls within one of two narrow categories— roughly speaking, if it relies on a new and retroactive rule of constitutional law or if it alleges previously undiscoverable facts that would establish his innocence." Id. (citing 28 U.S.C. § 2244(b)(2)).

Smith relies on a Michigan court rule that he contends is new and retroactive to his case. But he has not obtained permission from the Court of Appeals to file a second or successive petition, and federal district courts lack jurisdiction to consider an unauthorized second or successive habeas petition. Burton v. Stewart, 549 U.S. 147, 149, 152 (2007); Franklin v. Jenkins, 839 F.3d 465, 475 (6th Cir. 2016). Furthermore, the Sixth Circuit has held that "when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from [the Court of Appeals], the district court [must] transfer the document to [the Court of Appeals] pursuant to 28 U.S.C. § 1631." In re Sims, 111 F.3d 45, 47 (6th Cir. 1997).

4

Accordingly, because Smith's request to reopen this case is the equivalent of an unauthorized Rule 60(b)(6) motion, the Court orders the Clerk of the Court to transfer Smith's filing to the Sixth Circuit for a determination of whether this Court may consider Smith's new claim.

### III. CONCLUSION

For the foregoing reasons, the Court transfers Smith's request to reopen this case (Dkt. 10) to the Sixth Circuit as a second or successive petition.

SO ORDERED.

Dated: May 27, 2022　　　　　　　　　　　　s/Mark A. Goldsmith
　　　Detroit, Michigan　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 27, 2022.

　　　　　　　　　　　　　　　　　　　　　s/Karri Sandusky
　　　　　　　　　　　　　　　　　　　　　KARRI SANDUSKY
　　　　　　　　　　　　　　　　　　　　　Case Manager

5